IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2014 OCT 29 PM 4: 19
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ___DM___
DEPUTY

| | |
|---|---|
| EMIGDIO GUADALUPE OTERO-MENDEZ § § § | |
| V. § | A-14-CA-346-SS |
| § § | |
| UNITED STATES OF AMERICA § | |

## ORDER

Before the Court are Plaintiff Emigdio Guadalupe Otero-Mendez's Motion to Return Property, which has been construed as a civil action under Section 1331 of Title 28 of the United States Code (Document No. 2); the Government's Motion for Summary Judgment (Document No. 14); and the Government's Amended Motion for Summary Judgment (Document No. 15). Otero-Mendez did not file a response thereto. Otero-Mendez, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds the Government's original Motion for Summary Judgment should be dismissed and the Government's Amended Motion for Summary Judgment should be granted. However, the case will not be closed at this time, as Otero-Mendez will be allowed an opportunity to amend his complaint to assert a claim under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

## BACKGROUND

Otero-Mendez was stopped by the Bulverde Police Department ("Bulverde PD") on January 17, 2012. He was subsequently arrested for violation of 8 U.S.C. § 1324(A)(1)(a)(ii) (i.e. the Transportation of Undocumented Aliens). On February 15, 2012, a federal grand jury returned a two-count indictment against him for violating that statute. On February 27, 2012, in Cause No.

SA-12-CR-115-OG, Otero-Mendez pleaded guilty pursuant to a plea agreement to count one of the indictment. The court sentenced Otero-Mendez to one year probation on July 19, 2012. He was subsequently removed to Mexico on July 20, 2012.

On December 4, 2012, Otero-Mendez was arrested in Austin, Texas for burglary of a vehicle. On December 12, 2012, he pleaded guilty and received a 90-day sentence. On January 4, 2013, he was released to ICE custody, and a criminal complaint was filed against him for violating 8 U.S.C. § 1326 (illegal re-entry). On January 22, 2013, he was charged in a one-count indictment for the same in Cause No. A-13-CR-037-SS.

On January 29, 2013, a petition to revoke Otero-Mendez's probation was submitted due to his arrest in Austin. A probation warrant was issued, and Cause No. SA-12-CR-115-OG was transferred from the San Antonio Division to the Austin Division where Cause No. A-13-CR-047-SS was opened. On May 15, 2013, this Court revoked Otero-Mendez's probation and sentenced him to ten months in prison in Cause No. A-13-CR-047-SS.

On the same day, the Court sentenced Otero-Mendez to 46 months in prison to be followed by three years of supervised release in Cause No. A-13-CR-037-SS. The Court ordered this sentence to run consecutive to the sentence imposed in the probation revocation case in Cause No. A-13-CV-047-SS.

Otero-Mendez is currently incarcerated in the Giles W. Dalby Correctional Institution. He filed a Motion to Return Property in Cause No. A-13-CR-037-SS and seeks the return of his property seized at the time of his January 17, 2012 arrest, specifically $3,692.00 in U.S. currency, 4,000 Mexican Pesos, a 1999 Dodge Caravan, his identifications, two cell phones, and a radio. Otero-Mendez's action was construed as a civil action under Section 1331 of Title 28 of the United States

Code, seeking the return of his property. *See Taylor v. United States*, 483 F.3d 385, 387 (5th Cir. 2007) (noting district court properly construed motion for return of property as a civil complaint).

The Government moves for summary judgment. The Government asserts the seized cash of $3,692 was administratively forfeited by the seizing agency on November 19, 2012, after affording Otero-Mendez with notice and ample time to submit a claim. With respect to the vehicle, the Government maintains it was never seized by federal authorities and thus cannot be returned. The Government explains the Bulverde PD retained custody of the 1999 Dodge Caravan and its contents. With regard to the remaining property, the Government contends it cannot determine the whereabouts of such property despite a diligent search.

With respect to the $3,692, the Government specifically argues the due process requirements were met prior to the administrative forfeiture of the cash. Attached to the Government's Motion for Summary Judgment is the Declaration of Tanya Brummett, Fines, Penalties, and Forfeitures Paralegal Specialist for the Dallas/Fort Worth Area Port Office of the U.S. Customs and Border Protection ("CBP") and Immigration and Customs Enforcement ("ICE"). Brummett indicates the Homeland Security Investigations Immigration and Customs Enforcement ("HSI/ICE") adopted the $3,692.00 in U.S. currency from the Bulverde PD. Brummett further indicates HSI/ICE turned over the $3,692.00 to CBP-San Antonio, Texas Port on January 20, 2012. According to Brummett, on or about February 29, 2012, the CBP initiated administrative forfeiture proceedings against the $3,692.00. Brummett explains the CBP sent a Notice of Seizure via registered mail to Otero-Mendez at his address in Guanajuato, Mexico on March 1, 2012. The registered mail was returned

undelivered on May 7, 2012.[1]  A second notice was sent via registered mail to Otero-Mendez at the address in Mexico on July 5, 2012.  According to Brummett, that notice was not returned undelivered.  Brummett further asserts the Notice of Seizure was posted on the CBP Bulletin Board, in the area of seizure located in San Antonio, Texas on July 9, 2012, for three consecutive weeks.  Because the notice incorrectly stated "Irving, Texas," a corrected notice was posted on August 24, 2012, for an additional three consecutive weeks.  No claims were filed with regard to the U.S. currency.

## ANALYSIS

A. <u>U.S. Currency</u>

Otero-Mendez seeks the return of $3,692 in U.S. Currency.  As explained above, the currency was administratively forfeited after no claims were filed.

To the extent Otero-Mendez seeks to set aside the forfeiture pursuant to 18 U.S.C. § 983 his claim fails.  The Civil Asset Forfeiture Reform Act ("CAFRA") provides a comprehensive statutory scheme for challenging a civil forfeiture.  When CAFRA was enacted in 2000, its statutory provisions became "the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." 18 U.S.C. § 983(e)(5).

Subdivision (e) of Title 18 of the United States Code section 983 provides as follows:

**Motion to set aside forfeiture.—**

(1) Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to

---

[1] Brummett maintains the Notice of Seizure was sent to the address in Mexico, because her office had been informed Otero-Mendez had been deported.  As noted above, Otero-Mendez was not deported until July 20, 2012.

4

> set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if—
>
> > (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
> >
> > (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

When the government seizes property valued at less than $500,000, it may use administrative forfeiture procedures but must provide notice before forfeiting the property. *United States v. Robinson*, 434 F.3d 357, 362 (5th Cir. 2005) (citations omitted). To satisfy this notice requirement, the government must: (1) publish notice of the administrative forfeiture; and (2) send written notice to any party who appears to have an interest in the seized article. *Id.* (citing *Kadonsky v. United States*, 216 F.3d 499, 503 (5th Cir. 2000)). If no claim is filed, the property is summarily forfeited to the government. *Id.* (citing *Barrera–Montenegro v. United States*, 74 F.3d 657, 660 (5th Cir. 1996)). Once the administrative forfeiture is complete, a district court may review only "whether the forfeiture comported with constitutional due process guarantees." *Id.* (citing *Kadonsky*, 216 F.3d at 503). Due process requires the notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the [forfeiture] action and afford them an opportunity to present their objections." *Id.* (citing *Barrera–Montenegro*, 74 F.3d at 660). Actual notice is not required. *Dusenbery v. United States*, 534 U.S. 161, 170 (2002).

In the case at hand, the Government presents summary judgment evidence showing it sent written notice on July 5, 2012, to Otero-Mendez's last known address in the month he was returned to Mexico, and this notice was not returned undelivered. Otero-Mendez does not allege he did not receive this notice. In addition, the notice of seizure was posted for three consecutive weeks "in the

customhouse nearest the place of seizure . . . in a conspicuous place that is accessible to the public" as required by 19 C.F.R. § 162.45(b)(2) (2012). Otero-Mendez fails to refute the Government's summary judgment evidence showing the Government's written notice was not reasonably calculated to provide him with notice, the notice was not properly published, or the notice-of-administrative-forfeiture procedures employed in this case violated his right to due process. In addition, as explained by the Government, Otero-Mendez had actual notice of the seizure of the U.S. currency at the time of his arrest. Accordingly, the Government is entitled to summary judgment on Otero-Mendez's claim regarding the U.S. currency.

  B. <u>Vehicle</u>

  Otero-Medez also seeks the return of the vehicle he was driving on the day of his arrest. The Government contends this Court lacks jurisdiction over this dispute, because the Government never took custody of the vehicle.

  A motion for return of seized property brought in federal court may be properly asserted solely against federal authorities. *See United States v. Solis*, 108 F.3d 722, 723 (7th Cir. 1997) (because United States was not in possession of vehicle at the time defendant filed his motion and United States had never been in possession of vehicle, it was not appropriate party from which to request its return); *United States v. Fitzen*, 80 F.3d 387, 389 (9th Cir. 1996) (defendant not entitled to return of property to the extent his property had been forfeited by the state). The Government simply cannot return property it does not possess. *Bailey v. United States*, 508 F.3d 736, 740 (5th Cir. 2007). Because the Government did not take custody of the vehicle, the Government is entitled to summary judgment with respect to Otero-Mendez's claim for the return of his vehicle.

C.     Remaining Property

Otero-Mendez further seeks the return of 4,000 Mexican Pesos, two cell phones, identifications, and a radio. The Government admits HSI had possession of 800 Mexican Pesos and one cell phone found in the center console of the 1999 Dodge Caravan. However, Special Agent Brian K. Johnson attests these items are no longer possessed by HSI in its offices or evidence vault, and the Government is unaware as to the disposition of these items. Further, it is unclear whether the Government ever had in its possession a second cell phone, identifications, or a radio. The Government is unaware as to the disposition of these items or even if they were ever seized by federal agents.

Once again, the Government cannot return property it does not possess. *Bailey*, 508 F.3d at 740. Because the Government does not have in its possession the remaining property in question, the Court cannot order its return. Accordingly, summary judgment is appropriate with respect to Otero-Mendez's claim against the United States for his remaining property.

However, the Fifth Circuit has held where a plaintiff seeks the return of property that has been destroyed, he may then seek monetary damages for the destroyed property pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), which provides for an action for monetary damages against a federal official or officials for the alleged violation of a person's constitutional rights. *See Jaramillo–Gonzalez v. United States*, 397 F. App'x 978, 981 (5th Cir. 2010) (where a plaintiff does not initially state a claim for monetary damages, he should be given an opportunity to amend his complaint to add a Bivens claim). Where facts necessary for a *Bivens* claim exist, a plaintiff should be given an opportunity to amend his complaint. *See Peña v. United States*, 157 F.3d 984, 987 & n. 3 (5th Cir. 1998) (noting because a dismissal of the Rule 41(g) claim by a pro se party

under sovereign immunity functions the same as the disfavored dismissal of a pro se complaint under Rule 12(b)(6), "a court should grant a pro se party every reasonable opportunity to amend."). Accordingly, in light of Otero-Mendez's pro se status, he will be given the opportunity to amend his complaint to assert a *Bivens* claim against a federal official or officials for the alleged violation of his constitutional rights.

It is therefore **ORDERED** that the Motion for Summary Judgment [#14], filed by the Government on September 18, 2014, is **DISMISSED**, as it has been superseded by the Government's Amended Motion for Summary Judgment [#15], filed on October 1, 2014.

It is further **ORDERED** that the Amended Motion for Summary Judgment [#15], filed by the Government on October 1, 2014, is **GRANTED**.

It is further **ORDERED** that Plaintiff Otero-Mendez may file an amended complaint on or before November 26, 2014, in accordance with this Order. Failure to file an amended complaint will result in a final judgment being rendered and the case being closed.

SIGNED this 29th day of October 2014.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT COURT